IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| REX ALLEN,<br><br>  Plaintiff,<br><br>vs.<br><br>MATTHEW KAZINSKY,<br><br>  Defendant. | CV 23–90–M–DWM<br><br><br>ORDER |

In April 2023, Plaintiff Rex Allen, a state prisoner proceeding without counsel, filed a civil rights complaint in state court, alleging Missoula city and county officials violated his federal and state constitutional rights in conjunction with his 2017 arrest, prosecution, conviction, and sentence for felony Partner or Family Member Assault ("PFMA"). (*See* Docs. 4, 9, 17.) On August 10, 2023, the defendants removed the action to this Court, (Doc. 1), and following motions to dismiss, (*see* Docs. 19, 21), only one claim against one defendant survives, (*see* Doc. 33). As it stands, the only remaining claim is one for false imprisonment

against Officer Matthew Kazinsky. (*See id.*) While Allen was permitted to amend his emotional distress claim against Kazinsky, (*see id.*), he was required to do so by the extended deadline of September 24, 2024, (*see* Doc. 37). Instead, Allen filed a second motion for an extension, (Doc. 45), among other things, (Docs. 42, 43). That request for an extension was denied on the basis that Allen's other filings indicated that he had sufficient time and resources to prepare legal filings. (Doc. 46.)

Allen now asks the Court to reconsider its denial of his second extension request, (Doc. 48), and for the Court to sanction Defendant Officer Matthew Kazinsky on the ground that Kazinsky failed to serve certain filings on Allen as required by Standing Order BMM-6, (Doc. 49). Both motions are denied.

I.      **Extension**

Allen's request for an extension to amend his complaint reaffirms once again that he was in administrative segregation for a portion of the time between August 6, 2024, when the Court ruled on the motions to dismiss, (*see* Doc. 33), and September 24, 2024, when his amended complaint was due, (*see* Doc. 37), and that he did not have access to a law library for that period. Nevertheless, his motion for an extension was properly denied and will not be reconsidered here. Notwithstanding the fact that Allen's other filings, (*see* Docs. 42, 43), indicate that he did in fact have access to legal resources, the opportunity to amend his

2

complaint is a factual, not legal, endeavor. To state a plausible claim, Allen was informed that he must allege that he "suffered emotional distress 'so severe [that] no reasonable person could be expected to endure it.'" (Doc. 33 (quoting *White v. St. ex rel. Mont. St. Fund*, 305 P.3d 795, 805 (Mont. 2013)).) To do so, Allen need only have stated what emotional distress he experienced and when; no legal research was required. Thus, Allen has not shown good cause for his failure to amend by the deadline. *See* Fed. R. Civ. P. 15, 16(b).

## II. Default

Allen further seeks sanctions against Defendant Kazinsky on the grounds that Allen alleges has not received all of the filings in the case in the mail as required by ¶ 5 of Standing Order BMM-06. (Doc. 49.) Allen specifically states that he has not received Docs. 31, 36, 39, 40, 41, and 44. (*Id.* at 1.) Of those documents, only one was filed by Defendant Kazinsky, (*see* Doc. 36), and it was simply a notice of non-opposition to Allen's first request for an extension of time, (*see id.*). The other documents were either filed by Allen himself, (*see* Docs. 31, 39, 44), or the Court of Appeals, (*see* Docs. 40, 41). Standing Order BMM-06 requires defendants to "mail to the prisoner, via the United States Postal Service, a copy of any document *filed on their behalf.*" ¶ 5, Oct.15, 2020 (emphasis added). While Defendant Kazinsky will be reminded to do so, Allen's request for sanctions is denied.

3

## III. Conclusion

Based on the foregoing, IT IS ORDERED that Allen's request for relief, (Doc. 48) and his request for sanctions (Doc. 49) are DENIED. Nevertheless, the Clerk is directed to mail Allen a copy of the current docket in the case.

DATED this 17th day of October, 2024.

Donald W. Molloy, District Judge
United States District Court