IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| REX ALLEN,<br><br>   Plaintiff,<br><br>vs.<br><br>MATTHEW KAZINSKY,<br><br>   Defendant. | CV 23–90–M–DWM<br><br>OPINION<br>and ORDER |

In April 2023, Plaintiff Rex Allen, a state prisoner proceeding without counsel, filed a civil rights complaint in state court, alleging Missoula city and county officials violated his federal and state constitutional rights in conjunction with his 2017 arrest, prosecution, conviction, and sentence for felony Partner or Family Member Assault ("PFMA"). (*See* Docs. 4, 9, 17.) On August 10, 2023, the defendants removed the action to this Court, (Doc. 1), and following motions to dismiss, (*see* Docs. 19, 21), only one claim against one defendant survives, (*see* Doc. 33). As it stands, the only remaining claim is one for false imprisonment against Officer Matthew Kazinsky. (*See id.*) Kazinsky seeks summary judgment on that claim. (Doc. 61.) That motion is granted.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no

1

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it impacts the outcome of the case in accordance with governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014). Nonetheless, the nonmoving party must identify, with some reasonable particularity, the evidence that it believes precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) (explaining that while pro se parties are exempted from "*strict* compliance with the summary judgment rules," they are "not exempt[ed] . . . from *all* compliance," such as the requirement to identify or submit competent evidence in support of their claims).[1]

## ANALYSIS

In Montana, the tort of false imprisonment has two elements: (1) the defendant restrained the plaintiff against his will; and (2) the restraint was unlawful. *See Fire Ins. Exch. v. Weitzel*, 371 P.3d 457, 462 (Mont. 2016). Kazinsky persuasively argues that both elements are missing here.

---

[1] Allen did not respond to the motion. However, Kazinsky's motion was accompanied by the requisite *Rand* Notice, (*see* Doc. 64), and Allen was given additional time to respond, (*see* Doc. 66).

2

On December 8, 2016, Kazinsky responded to a domestic disturbance on Sherwood Street in Missoula, Montana. (Doc. 63 at ¶ 1.) Dispatch had informed Kazinsky that a nine-year-old girl had called 911 to report that Allen had hit her mother. (*Id.* ¶ 2.) When Kazinsky arrived at the scene, he found the victim home alone. (*Id.* ¶ 3.) The victim told Kazinsky that Allen had punched her in the mouth with a closed fist, causing her to fall back and hit a television and other items. (*Id.* ¶¶ 4, 10.) Kazinsky observed that the victim was visibly injured—she was holding her jaw, her lips appeared swollen, and the right corner of her mouth was bruised. (*Id.* ¶ 5.) The victim also reported that she had pain and blood in her mouth. (*Id.* ¶ 6.) The victim said that during the attack she had yelled out to her children to call 911. (*Id.* ¶ 11.) The victim also said that she and Allen had been married for over a year and that Allen had assaulted her three previous times, including at least two unreported incidents. (*Id.* ¶ 12.) Kazinsky cleared the home to ensure Allen was not present and, in doing so, observed a television set that had been partially crushed and a bookshelf and other appliances knocked over. (*Id.* ¶ 8.) He also observed drops of the victim's blood on the floor. (*Id.* ¶ 9.) Kazinsky took photographs of the scene and the victim's injuries. (*Id.* ¶ 14.) Kazinsky also ran Allen's criminal history through the NCIC/CJIN database. (*Id.* ¶ 17.) The NCIC/CJIN return indicated that Allen had a prior Partner of Family Member Assault in Montana and a prior conviction for "Simple Battery – Family

3

Violence" in the state of Georgia. (*Id.* ¶ 18.) Allen was also on felony probation after being convicted in 2013 for criminal endangerment. (*Id.* ¶ 19.)

Based on the above, Kazinsky determined probable cause existed to charge Allen with a felony PFMA – 3rd or subsequent offense. (*Id.* ¶ 20.) Because Allen had fled, Kazinsky requested a warrant be issued. (*Id.* ¶ 21.) Kazinsky also put out an "Attempt to Locate" PFMA request for Allen and notified Sam Striker, Allen's probation officer. (*Id.* ¶ 22.) Kazinsky had no further involvement in the case. (*Id.* ¶¶ 23–27.)

On December 23, 2016, Justice of the Peace Marie A. Anderson signed an arrest warrant for Allen based on the felony PFMA charge. (*Id.* ¶ 28.) Pursuant to that warrant, Allen was arrested on December 23, 2016, by Officer Joseph Burger. (*Id.* ¶¶ 29–37.)

As to the first element of false imprisonment, Kazinsky never interacted with Allen and was not present when Allen was arrested. (*See* Doc. 63 at ¶¶ 26–27.) Thus, the undisputed facts show that Kazinsky did not restrain Allen.

As to the second element, "[i]t is well-settled that a court's determination of probable cause is a complete defense to a claim of false arrest or imprisonment levelled against the charging party." *Kichnet v. Butte-Silver Bow County*, 274 P.3d 740, 745 (Mont. 2012). As stated above, Justice of the Peace Anderson issued an arrest warrant prior to Allen's arrest. (*See* Doc. 63 at ¶ 28; Doc. 63-4.)

4

Accordingly, Allen's arrest was lawful.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

(1) Kazinsky's motion for summary judgment (Doc. 61) is GRANTED.

(2) The Clerk is directed to enter judgment consistent with this Order and close the case file.

DATED this 6th day of January, 2025.

_____
Donald W. Molloy, District Judge
United States District Court